UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIKA RODGER, individually,

    Plaintiff,

v.                                                   Case No.  6:13-cv-1195-Orl-18TBS

QUICKEN LOANS INC., MML 5357
Any and all unknown parties claiming by
through and against the herein named
individual defendant who are not known to be
dead or alive, whether said unknown parties
may claim an interest as spouses, heirs,
devisees, grantees or other claimants, et al,

    Defendant.

_____

### ORDER

Pending before the Court is Defendant Quicken Loans Inc.'s Motion to Vacate Default (Doc. 4).  Counsel's Local Rule 3.01(g) certificate states that he attempted to contact Plaintiff's counsel before filing the motion and would supplement his certificate in the event his opponent responded.  (Id. p. 13).  No supplement has been filed with the Court.

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.  The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or

letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. If an opponent fails or refuses to comply with Local Rule 3.01(g), that matter should be brought to the Court's attention by motion.

Defendant's certificate is not sufficient and has not been updated to comply with Local Rule 3.01(g). Accordingly, Defendant's Motion to Vacate Default is DENIED without prejudice.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on August 21, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel