UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:13 – Civ (1195 /18TBS)

| | |
|---|---|
| ERIKA RODGER, INDIVIDUALLY;, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| QUICKEN LOANS INC., MML 5357 ANY | § |
| AND ALL UNKNOWN PARTIES | § |
| CLAIMING BY, THROUGH UNDER AND | § |
| AGAINST THE HEREIN NAMED | § |
| INDIVIDUAL DEFENDANT(S) WHO ARE | § |
| NOT KNOWN TO BE DEAD OR ALIVE, | § |
| WHETHER SAID UNKNOWN PARTIES | § |
| MAY CLAIM AN INTEREST AS | § |
| SPOUSES; HEIRS, DEVISEES, | § |
| GRANTEES, OR OTHER CLAIMANTS; Et | § |
| Al | § |
| | § |
| Defendants. | § |

_____ /

## RENEWED MOTION TO VACATE DEFAULT

Quicken Loans Inc. ("Quicken Loans") respectfully files this Renewed Motion to

Vacate Default under Federal Rules of Civil Procedure Rule 60 and Local Rule 3.01.[1]  As

set forth more fully herein, the default should be vacated because Plaintiff failed to

perfect service of process on Quicken Loans under Florida law.  Moreover, Plaintiff

obtained a default in violation of an informal agreement as to an extension and thereafter

Plaintiff failed to provide notice of the Motion for Default to counsel of record in the

---

[1] On August 21, 2013, the Court denied without prejudice Defendant's Motion to Vacate Default due to the insufficiency of Defendant's conferral with counsel for Plaintiff prior to filing the Motion.  Subsequently, the undersigned spoke with counsel for Plaintiff and conferred regarding the issues raised in the Motion. The parties were unable to reach a resolution of the issues raised in the Motion.

Florida state court case, such that the default is void under Florida law. Finally, and in the alternative, Quicken Loans is entitled to relief from the default under Florida Rules of Civil Procedure Rules 1.500(d) and 1.540(b), and/or Federal Rules of Civil Procedure Rule 55 for excusable neglect and inadvertence.

## BACKGROUND

Plaintiff filed suit on June 17, 2013, in the Seventh Judicial Circuit, Volusia County, Florida. (State Court Complaint, Rec. Doc. 1-3) Plaintiff sued "Quicken Loans Inc., MML 5357," which, on information and belief, does not exist; instead, Plaintiff apparently intended to name Quicken Loans as party defendant, but erred in its naming of said defendant. (*Id.*)

Quicken Loans maintains an agent for service of process in Florida. (Florida Secretary of State Information, Exhibit "A") However, Plaintiff apparently did not attempt service on Quicken Loans' registered agent in Florida and, instead, retained a process server in Michigan, where Quicken Loans maintains its principal place of business. (Affidavit of Service,[2] Exhibit "B") Plaintiff's process server claims to have served process on Amika Thornton, a paralegal employed by Quicken Loans in its Detroit, Michigan office. (*Id.*; *see also,* Affidavit of Amika Thornton, Exhibit "C")

Amika Thornton is not a president, vice president, corporate cashier, corporate secretary, corporate treasurer or corporate director of Quicken Loans, nor is she the head of the corporation, its business agent or a corporate officer of any kind for Quicken Loans. (Exhibit C) Ms. Thornton has no recollection of receiving service of process from

---

[2] The Affidavit of Service is neither signed by Amika Thornton nor notarized to attest to its veracity.

1076909.3

2

a process server in this litigation. (*Id.*) If Ms. Thornton did receive service of process, she does not recall taking any steps to inform her supervisors at Quicken Loans about the existence of the lawsuit. (*Id.*) Further, if Ms. Thornton did receive service of process in this suit, then the failure of Quicken Loans to respond thereto is a consequence solely of her inadvertence in forwarding suit documents to the appropriate person and neglect in informing her supervisors about the existence of the lawsuit. (*Id.*)

On July 25, 2013, Jeffrey Elkins, counsel of record for Green Tree Servicing, LLC ("Green Tree") in the state court litigation, conversed with Plaintiff about obtaining an extension to respond, which extension applied to both Green Tree and Quicken Loans. (Email of July 26, 2013, Exhibit "D") Attorney Elkins detailed this conversation in an email to Plaintiff's counsel on the following day, wherein he informed Plaintiff that he intended to file a notice of appearance and would be intervening on Quicken Loans' behalf. (*Id.*) Green Tree also filed a "Notice of Appearance" in the state court litigation on July 26, 2013, in which it specified that it filed such notice for the purpose of intervening on behalf of Quicken Loans (Notice of Appearance, Exhibit "E")

Plaintiff reneged on her agreement to provide an extension of time. The day on which she agreed to that extension was Thursday, July 25, 2013; the following Monday, she filed a Motion for Default, in spite of having agreed to a 20-day extension just four days prior. (Motion for Default, Exhibit "F") Plaintiff's counsel admits that she did not serve a copy of the Motion for Default on Green Tree, or otherwise provide any notice to Green Tree that she was pursuing a default, even though Green Tree had filed a Notice of Appearance that stated its intent to defend Quicken Loans and had further indicated its

intent to defend Quicken Loans in an email to Plaintiff's counsel. (Emails From Karol Nunez, Counsel For Plaintiff, Exhibit "G")  Plaintiff's counsel explained that she and counsel for Green Tree had a "major misunderstanding" and believed that the extension only applied to Green Tree, even though she acknowledged that Green Tree "is not a party to this action." (*Id.*)

The Florida court clerk entered default on the same day it was filed by Plaintiff, July 29, 2013. (Exhibit "F")  Undersigned counsel for Quicken Loans was not aware that default had been entered until August 12, 2013.

## LAW AND ARGUMENT

Under Federal Rules of Civil Procedure Rule 60, this Court has the authority to dissolve any order entered by a state court before removal, including a default.  Further, this Court may vacate such default under either state or federal law.

Here, both Florida state law and Federal Rules of Civil Procedure Rule 55 favor vacating the default in question.  Specifically, the default should be vacated: (1) for failure to properly serve a corporation under Florida Rules of Civil Procedure Rule 48.081; (2) for failure to properly serve or otherwise provide notice of the filing of the Motion for Default; (3) for improper use of the "clerk's default" procedure under Florida Rules of Civil Procedure Rule 1.500; and (4) for excusable neglect under Florida Rules of Civil Procedure Rules 1.500(d) and 1.540(b), and/or for "good cause" under FRCP Rule 55.

1.    **Defaults Are Disfavored Under Both Florida And Eleventh Circuit Jurisprudence**

Both Florida and applicable Eleventh Circuit jurisprudence favor granting relief from defaults for policy reasons.    Specifically, "Florida has a long-standing policy in favor of deciding lawsuits on their merits. " *Edwards v. Najjar*, 748 So. 2d 1101, 1103 (Fla. 3d DCA 2000) (citing *North Shore Hosp., Inc. v. Barber*, 143 So. 2d 849, 852-53 (Fla. 1962)).  Because of its disfavor of default judgments, Florida courts hold that "[a]ll reasonable doubt should be resolved in favor of granting relief from default." *Id.* Similarly, the Eleventh Circuit has repeatedly held that it, too, maintains strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor.  *See, e.g., In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).   These policies weigh strongly in favor of vacating the default herein.

2.    **The Default Is Void For Lack Of Service**

Service on a corporation under Florida law is provided for in Florida Rules of Civil Procedure Rule 48.081, which states:

> (1) Process against any private corporation, domestic or foreign, may be served:
> (a) On the president or vice president, or other head of the corporation;
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

On July 8, 2013, Plaintiff attempted to effectuate service on Quicken Loans through a process server in Michigan, eschewing service through Quicken Loans' registered agent in Florida.   That process server claims to have delivered service to Amika Thornton. Ms. Thornton is employed as a paralegal with Quicken Loans; she is not employed as an officer with any of the titles specified in Rule 48.081(1)(a)-(d).

Rule 48.081(1) must be strictly complied with.   *See International Steel Truss Co. v. Artec Group, Inc.*, 824 So.2d 340 (Fla. 2d DCA 2002).   Under the Rule 48.081(1) hierarchy, "service of process may be made on a corporation's business agent only in the absence of superior corporate officers and directors." *Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So.2d 652, 654 (Fla. 4th DCA 1985).   Moreover, to effectuate service on any lower member of the hierarchy, the affidavit of service must demonstrate the more senior personnel were searched for and were unavailable. *See, e.g., S.T.R. Indus., Inc. v. Hidalgo Corp.*, 832 So. 2d 262, 264 (Fla. Dist. Ct. App. 2002) ("The burden of proof was upon [plaintiff] to show a diligent search for superior officers or the necessity for substitute service. The affidavit of the process server failed to indicate that the business agent was served in the absence of superior officers.   Service of process is therefore quashed.").

In light of the above, the return on service on which Plaintiff relies to prove service of process herein is fatally defective under Florida law.  The affidavit of service does not specify that a search for senior officers was undertaken and does not indicate what position Amika Thornton held with Quicken Loans.  Moreover, irrespective of Plaintiff's failure to search for senior officers, Amika Thornton is not one of the named officers on whom process may be served under Rule 48.081(1).  Because Rule 48.081(1) must be strictly complied with, Plaintiff's failure to strictly comply with that rule vitiates service of process.

In turn, the failure to perfect service of process renders the default a nullity. *See, e.g., Grosheim v. Greenpoint Mortgage Funding, Inc.,* 819 So. 2d 906, 908 (Fla. 4th DCA 2002).  Accordingly, this Court should vacate the default obtained by Plaintiff on account of her failure to properly serve Quicken Loans.

### 3.    Plaintiff Failed To Properly Give Notice Of Her Motion For Default

On July 26, 2013, Green Tree filed a Notice of Appearance indicating its intent to defend Quicken Loans herein.  In spite of this, Plaintiff (by her counsel's own admission) failed to serve the Motion for Default on counsel for Green Tree, or otherwise provide any notice to Green Tree that she filed that Motion.

Florida Rules of Civil Procedure Rule 1.500(b) is clear that, when opposing counsel has made an appearance in the case, notice of a motion for default must be provided to opposing counsel.  Moreover, irrespective of Rule 1.500(b), where a plaintiff has actual knowledge that a defendant is represented by counsel and intends to defend the lawsuit, it must provide notice to that defendant before filing the motion for default. *U.S.*

*Bank Nat. Ass'n v. Lloyd*, 981 So. 2d 633, 640 (Fla. 4th DCA 2008). While it was Green Tree (and not Quicken Loans) that made an appearance herein, it was clear through both the Notice of Appearance and the email sent to Plaintiff's counsel on July 26, 2013 that Green Tree would be defending Quicken Loans. Accordingly, Plaintiff was aware that the target of its lawsuit (irrespective of her naming error) would be defending this suit and that an attorney whom intended to defend Quicken Loans had actually made an appearance. Thus, there is no excuse for failing to serve the Motion for Default, or otherwise provide notice thereof.

Under Florida law, the failure to properly notify opposing counsel of default where required to do so under Rule 1.500(b) is cause to vacate the default or any final judgment based thereon. *See, e.g., J&J Indus., Inc. v. Carpet Showcase of Tampa Bay, Inc.*, 745 So. 2d 1042 (Fla. 2d DCA 1999); *EGF Tampa Assocs. v. Edgar V. Bohlen, G.F.G.M. A.G.*, 532 So.2d 1318, 1320 (Fla. 2d DCA 1988). Further, "[a] trial court should vacate an *ex parte* default when the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default." *Lloyd*, 981 So. 2d at 640. Accordingly, this Court should vacate the default under FRCP Rule 60.

### 4.    Plaintiff Improperly Used The "Clerk's Default" Procedure

Florida Rules of Civil Procedure Rule 1.500 creates two means by which to obtain a default. Where the opposing party has not made any appearance or filed any paper in the suit, the default may be entered by the clerk of court, who merely reviews the record to ensure that no pleading or other "paper" was filed by the defendant. *See* Fla. R. Civ.

Proc. R. 1.500(a). Where a party has made an appearance, however, the "clerk's default" procedure is unavailable. In that situation, the Motion for Default must be submitted to the court proper, and notice must be provided to the opposing party. *See* Fla. R. Civ. Proc. R. 1.500(b).

Here, Plaintiff used the "clerk's default" procedure. This was patently improper, given that a Notice of Appearance had been filed on Quicken Loans' behalf, indicating that Green Tree intended to defend Quicken Loans in this lawsuit. The proper procedure would have been to file a motion for default with the court itself (not the clerk of court) and provide notice to Quicken Loans (through Green Tree). Absent that, Plaintiff failed to comply with Florida law concerning defaults, and Quicken Loans is entitled to have the default vacated under FRCP Rule 60.

### 5. Alternatively, This Court Should Vacate The Default For Excusable Neglect Under Florida law And/Or For Good Cause Under FRCP Rule 55(c)

In the alternative, this Court should vacate the default under Florida Rules of Civil Procedure Rules 1.500(d) and 1.540(b), and/or Federal Rules of Civil Procedure Rule 55(c) because its failure to timely respond was the product of excusable neglect or inadvertence.

Florida Rules of Civil Procedure Rule 1.500(d) establishes that a motion to vacate default is subject to the provisions of Rule 1.540(b). In turn, Rule 1.540(b)(1) establishes that a judgment or order may be vacated for "mistake, inadvertence, surprise, or excusable neglect." Florida jurisprudence provides that three elements are necessary to vacate a default under Rule 1.540(b)(1): "(1) the failure to file a timely responsive

pleading or paper was the result of excusable neglect; (2) the defaulting party has a meritorious defense; and, (3) the defaulted party has been reasonably diligent in seeking to vacate the default after it was discovered." *205 Jacksonville, LLC v. A-Affordable Air, LLC*, 16 So. 3d 974, 975 (Fla. 3d DCA 2009). All three elements are present here.

First, Quicken Loans failure to timely file a response was a consequence of inadvertence and neglect. The alleged recipient of the service of process,[3] Amika Thornton, does not recall being served in the state court litigation. If she was served, as alleged by the process server, she does not recall informing any of her supervisors at Quicken Loans about the existence of the lawsuit or otherwise passing the service papers on to the appropriate person. Thus, if Amika Thornton was served as the process server claims, Quicken Loans' failure to timely respond is a consequence solely of her inadvertence and neglect in failing to inform her supervisors about the suit and in failing to forward the suit documents to the appropriate person.

Excusable neglect is established "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985); *see also Okeechobee Imps. Inc. v. Am. Sav. & Loan Ass'n*, 558 So. 2d 506 (Fla. 3d DCA 1990) (employee's failure to follow established corporate procedure in processing complaint constitutes excusable neglect); *Carter, Hawley, Hale Stores, Inc. v. Whitman*, 516 So. 2d 83 (Fla. 3d DCA 1987) (tardiness in answering occasioned by breakdown in defendant's established office practice constitutes excusable

---

[3] As stated in Section 2 above, Quicken Loans denies the validity of any purported service on Amika Thornton.

neglect); *Kuehne & Nagel, Inc. v. Esser Int'l, Inc.*, 467 So. 2d 457 (Fla. 3d DCA 1985) (employee's mistake in filing away summons and complaint constitutes excusable neglect). The inadvertence and neglect of Amika Thornton – who is employed as a paralegal – is exactly the kind of clerical or secretarial error that Florida courts have consistently found to be excusable neglect.

Second, Quicken Loans has been diligent in seeking to have the default vacated. Quicken Loans did not find out about the default until Monday, August 12, 2013; the instant Motion is filed only two days later.

Third, Quicken Loans has meritorious defenses to the allegations of Plaintiff's Complaint. Quicken Loans directs the Court to its Answer and Motion for Judgment on the Pleadings, which it filed today, wherein it identifies multiple factual and legal defenses to Plaintiff's allegations. Specifically, those pleadings demonstrate that: (1) certain key allegations made by Plaintiff in her Complaint are demonstrably untrue, namely that (*contra* her assertions) she received all necessary disclosures concerning her right to rescission under the Truth In Lending Act and that the loan funds in question were actually disbursed, and (2) Plaintiff does not have a claim as a matter of law, because she failed to timely rescind the loan transaction within the three business-day rescission period under the Truth in Lending Act, and has not otherwise stated a valid claim for breach of contract.

This Court may look to FRCP Rule 55(c) as an alternate ground for vacating the default. *See, e.g., Cotter v. United States*, 06-382, 2006 WL 3253289 (W.D. Mich. Nov. 8, 2006) (vacating pre-removal, state court default judgment under Rule 55(c)). Rule

55(c) allows the Court to vacate defaults for "good cause." The "good cause" standard is supported by the same reasons articulated herein for relief under Florida law – that Quicken Loans' failure to respond owes solely to the inadvertence and neglect of its paralegal, Amika Thornton. Specifically, Federal jurisprudence identifies three factors to be examined when determining the existence of good cause under Rule 55(c): "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *see also Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (articulating the same three-part test). These factors, however, are not "talismanic" nor a "precise formula" and, instead, the Rule 55(c) good cause requirement should be understood to be a "mutable" and "liberal" standard. *Compania Interamericana*, 88 F.3d at 951.

The Middle District of Florida has repeatedly found that negligence by itself does not constitute willful conduct under the Rule 55(c) standard. *See, e.g., Bank of New York v. Brunsman*, 683 F. Supp. 2d 1300, 1303 (M.D. Fla. 2010); *Sobkowski v. Wyeth, Inc.*, 04-96, 2004 WL 3569703, at *2 (M.D.Fla. June 4, 2004) (Jones, J.), *report and recommendation adopted by* 2004 WL 3569702 (M.D.Fla. July 12, 2004). Accordingly, where the failure to timely file responsive pleadings is a consequence of mere negligent, a default will be vacated if the other elements of the good cause standard are met.

Here, the failure to act was not willful and was merely a consequence of Quicken Loans' negligence. The alleged recipient of service, Amika Thornton, has no knowledge

or recollection of receiving service.  To the extent service was actually made on Amika Thornton, her failure to inform her supervisors or forward suit documents to the appropriate person is mere negligence supporting a finding of "good cause" under Rule 55(c).

Moreover, setting aside the default will not prejudice Plaintiff in any way, because Quicken Loans' delay in responding is not sufficiently long to implicate the Plaintiff's ability to prosecute her case because of the lapse of time or loss of evidence. *See, e.g., Sobkowski*, 2004 WL 3569703, at *2.  Finally, as discussed herein, Quicken Loans has identified significant meritorious factual and legal defenses that warrant allowing this case to be heard on the merits.

## CONCLUSION

For the reasons stated herein, this Court should exercise its authority under Federal Rules of Civil Procedure Rule 60 and vacate the default entered by the Florida state court herein.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Defendant contacted counsel for Plaintiff regarding the issues raised in the Motion, prior to filing the instant Motion.  The undersigned spoke with counsel for Plaintiff and conferred regarding the issues raised in the Motion.  The parties were unable to reach a resolution of the issues raised in the Motion.

1076909.3

13

Respectfully submitted,


    /s/ William L. Grimsley
**William L. Grimsley**
**Florida Bar Roll #84226**
**McGlinchey Stafford, PLLC**
10407 Centurion Parkway North, Suite 200
Jacksonville FL 32256
Telephone (904) 224-4496
Facsimile (904) 212-0131
Email: wgrimsley@mcglinchey.com

*Attorneys for Quicken Loans Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that in accordance with this Court's electronic filing procedures, this document has been electronically filed.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.  Service to all known counsel of record and parties who have not consented to email notification and electronic service has been made via U.S. Mail, postage prepaid, this 26th day of August, 2013.


    /s/ William L. Grimsley
    William L. Grimsley