UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIKA RODGER, individually,

      Plaintiff,

v.                           Case No.  6:13-cv-1195-Orl-18TBS

QUICKEN LOANS INC., MML 5357
Any and all unknown parties claiming by
through and against the herein named
individual defendant who are not known to
be dead or alive, whether said unknown
parties may claim an interest as spouses,
heirs, devisees, grantees or other
claimants, et al,

      Defendant.

_____

## AMENDED REPORT AND RECOMMENDATION[1]

    This case comes before the Court without oral argument on Defendant

Quicken Loans Inc.'s ("Quicken Loans") Renewed Motion to Vacate Default (Doc.

13).  For the reasons that follow, I recommend that the motion be granted.

## I.   Background

    In 2013, Plaintiff took out a loan secured by a mortgage on her residence.

(Doc. 2 ¶¶ 1-9, 13).  The mortgage identifies the "Lender" as "Quicken Loans Inc.,

MML 5357" ("MML 5357"), a "Corporation organized and existing under the laws of

the State of Michigan," with the address "1050 Woodward Ave. Detroit, MI 48226-

1906".  (Doc. 1-3 p. 20-21).  Now, Plaintiff seeks rescission of the mortgage loan

---

[1]This Report and Recommendation is amended to correct the final paragraph which originally stated that the parties had ten days to file objections.

transaction on the grounds that it violated the Truth-in-Lending Act, 15 U.S.C. § 1635(a) ("TILA") and the regulation implementing TILA, 12 C.F.R. § 226.  (Doc. 2).  On March 13, 2013, Plaintiff executed a Notice of Right to Cancel in which she identified the "Lender" as Quicken Loans.  (Doc. 1-3 p. 13).  She subsequently filed her Verified Complaint to Quiet Title in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.  (Doc. 2).  MML 5357 is the only defendant identified by name in the complaint.  (Id.).

Plaintiff caused a summons addressed to MML 5357 to be served at 1050 Woodward Ave, Detroit, Michigan 48226.  (Doc. 1-3 p. 7).  The unsworn Affidavit of Personal Service signed by the process server states that service was accomplished on "Amika Thornton o/b/o Quicken Loans, Inc." on July 8, 2013.  (Doc. 4-2).  Ms. Thornton is employed by Quicken Loans as a paralegal.  (Doc. 4-3 p. 1).  She has never been a corporate officer of Quicken Loans, she has no recollection of receiving Plaintiff's process, and if she did receive the process, then she has no recollection of informing anyone about this lawsuit.  (Id. p. 2).  The record includes a copy of the summons stamped "DATE RECEIVED JUL 15, 2013 CORPORATE LEGAL."  (Doc. 1-3 p. 2).  The Court does not know who affixed this stamp or who it refers to.

On July 25, 2013, attorney Jeffrey S. Elkins contacted Plaintiff's attorney, Karol Nunez, to inform her that Green Tree Servicing LLC ("Green Tree") intended to file a motion to intervene as the defendant in the lawsuit.  (Doc. 4-7 p. 7).  The record does not disclose how Green Tree learned about the lawsuit or why it

-2-

wanted to intervene.  The following day, Mr. Elkins sent an email to Ms. Nunez

stating in part:

> . . . this is to confirm our telephone conversation yesterday during
> which you agreed to grant an extension of twenty (20) days from
> Monday July 29, 2013, to serve a response to the Complaint in this
> lawsuit, and during that extension, you agreed that you will not
> move to default Quicken Loans or Green Tree.  Thank you for your
> professional courtesy in this regard.
>
> If the foregoing does not comport with your understanding, then
> please contact me immediately.

(Doc. 4-7 p. 4).  Attached to Mr. Elkins' email was a copy of his Notice of

Appearance stating that he was appearing "on behalf of Third Party Green Tree

Servicing, LLC, which intends to file a Motion to Intervene on behalf of Defendant,

QUICKEN LOANS, INC., MML 5357."  (Doc. 4-5).

On July 29, 2013, Plaintiff filed her Motion for Default against MML 5357.

(Doc. 4-6).  The Clerk of Court entered the default against MML 5357 later that day.

(Id.).  Mr. Elkins checked the docket on July 31, 2013, saw the default, and sent

another email to Ms. Nunez informing her that the default was contrary to counsel's

agreement and that despite having filed a notice of appearance, he had not

received a copy of the motion for default.  (Doc. 4-7).  Mr. Elkins suggested that the

default may have been the result of inadvertence and asked Ms. Nunez to confirm

that she would withdraw it.  (Id.).  In her response, Ms. Nunez apologized for any

misunderstanding and then explained:

> However, you represented that you didn't represent the Defendant,
> so I couldn't agree to postpone my client's right to a default against
> Quicken, since you do not represent Quicken.  You can still file you
> [sic] motion to intervene and set if for hearing, but your client still

> has to prove that they have a valid interest in the property and we
> believe that Quicken didn't have interest [sic], therefore we will
> proceed to go ahead pursuant to our QT process as normal until you
> file your motions and they are set for hearing.

(Doc. 4-7 p. 2).

In a subsequent email, Mr. Elkins asked Ms. Nunez why, if she did not agree

with his understanding of counsel's original telephone conversation, she had not

notified him before filing the Motion for Default.  (Id. p. 1).  Ms. Nunez replied that

she believed both counsel "had a major misunderstanding," that she only agreed

"not to file a default against Greentree," and that she had been too busy to

"properly" read Mr. Elkin's original email until several days after it was received.

She assured him that if she had read the email, she "would have immediately

replied that that was not our understanding."  (Id.).

On August 7, 2013, the case was removed to this Court.  (Doc. 1-1 p. 2).

The Notice of Removal identifies the Defendant as "Quicken Loans Inc. ("Quicken

Loans"), incorrectly referred to in the Complaint as 'Quicken Loans Inc., MML

5357'."  (Id.).  Removal is based upon federal question jurisdiction because the

complaint alleges violations of TILA and 12 C.F.R. § 226 and diversity jurisdiction

because the parties are citizens of different states and the amount in controversy

exceeds $75,000 exclusive of interest and costs.  (Doc. 1-2 p. 2).

In its motion to vacate the default, Quicken Loans alleges that it is a

corporation headquartered in Detroit, Michigan which is authorized to do business

in Florida and that it has appointed CT Corporation System in Plantation, Florida as

-4-

its registered agent in Florida.  (Doc. 4-1).  It also alleges, on information and belief, that MML 5357 does not exist.  (Docs. 4-1 and 13 p. 2).

As grounds to vacate the default, Quicken Loans argues that: (1) Plaintiff failed to properly serve it under Florida law; (2) the default violated counsels' agreement; (3) Plaintiff failed to serve a copy of the motion for default on Mr. Elkins; and (4) Quicken Loans is entitled to relief under Florida Rules of Civil Procedure 1.500(d) and 1.540(b) and Federal Rule of Civil Procedure 55.

II.    Applicable Legal Standards

When a case is transferred from state court to federal court, the federal court takes the case as though everything done in the state court had been done in the federal court.  Savell v. Southern Ry. Co., 93 F.2d 377, 379 (5th Cir. 1937).[2] Accordingly, the federal court has authority under Federal Rule of Civil Procedure 60 to vacate a default entered in the state court.  Bell v. U.S., No. 1:12-cv-75-MHT-WC, 2012 WL 1599272 * 3 (M.D. Ala. Apr. 13, 2012); Edna H. Pagel, Inc. v. Teamsters Local Union 595, 667 F.2d 1275. 1278 (9th Cir. 1982).

Florida law provides a hierarchy for the service of original process on a corporation.  At the top is the "president or vice president, or other head of the corporation."  § 48.081(1)(a) Florida Statutes.  If none of these individuals are available, then service can be made "on the cashier, treasurer, secretary or general manager."  Id. at (b).  If all of the foregoing are absent, service can be accomplished on "any director" of the corporation.  Id. at (c). Next in the descending

---

[2]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981 (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

hierarchy is "any officer or business agent residing in the state." Id. at (d).  If the defendant is a foreign corporation and none of the foregoing persons are available, then service can be made "on any agent transacting business in this state." Id. at (2).  In the alternative, process can be served on the defendant's designated registered agent.  Id. at (3)(a).  If the corporation fails to designate an agent for service of process, then service can be made "on any employee at the corporation's principal place of business or on any employee of the registered agent."  Id.

"To obtain personal jurisdiction over a corporate defendant, a return of process showing service on an inferior officer of a corporation must show that all superior officers designated in the statute were absent when service was attempted."   Nat'l Safety Assoc., Inc. v. Allstate Ins. Co., 799 So.2d 316, 317 (Fla. 2d DCA 2001); see also  S.T.R. Indus., Inc. v.Hidalgo Corp., 832 So.2d 262, 264 (Fla. 3d DCA 2002)  ("The burden of proof was upon [plaintiff] to show a diligent search for superior officers or the necessity for substitute service."); Sardis v. Vista St. Lucie Ass'n, Inc., 804 So.2d 372, 373 (Fla. 4th DCA 2001) ("It is well established that for service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the statutorily prescribed superior classes of persons who may be served.").

Florida courts require strict compliance with § 48.081.  See International Steel Truss Co. v. Arlec Group, Inc., 824 So.2d 340 (Fla. 2d DCA 2002); George Fischer, Ltd. v. Plastline, Inc., 379 So.2d 697, 699 (Fla. 2d DCA 1980); Boatfloat,

LLC v. Central Transport Int'l, Inc., 941 So.2d 1271, 1273 (Fla. 4th DCA 2006).  In

the absence of strict compliance, the court lacks personal jurisdiction over the

corporation.   Sunseeker Int'l Ltd. v. Devers, 50 So.3d 715, 717 (Fla. 4th DCA 2010)

(citing Bank of Am. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010)).

        The burden of proving the validity of service of process is on the party

seeking to invoke the court's jurisdiction.   Green v. Jorgensen, 56 So.3d 794, 798

(Fla. 1st DCA 2011).  If the process server's return of service is regular on its face,

then Florida law presumes it is valid in the absence of clear and convincing

contradictory evidence.   Id.; Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So.3d

177, 180 (Fla. 3d DCA 2011); Nat'l Safety Assoc., 799 So.2d at 317.  Conversely, if

the return of service is not regular on its face, then "it cannot be relied upon as

evidence that the service of process was valid."  Bornstein, 39 So.3d at 503.  If the

party objecting to service of process makes a prima facie showing that the return of

service is defective, then the burden shifts to the party claiming good service to

prove valid service of process.   Green, 56 So.3d at 798 (Fla. 1st DCA 2011).

        Both Eleventh Circuit and Florida jurisprudence favors granting relief from

defaults for policy reasons.  The Eleventh Circuit has repeatedly held that it

maintains a strong policy in favor of resolving cases on the merits and that defaults

are viewed with disfavor.  See e.g. In re Worldwide Web Sys., Inc., 328 F.3d 1291,

1295 (11th Cir. 2003).  In addition, "Florida has a long-standing policy in favor of

deciding lawsuits on their merits. " Edwards v. Najjar, 748 So. 2d 1101, 1103 (Fla.

3d DCA 2000) (citing North Shore Hasp., Inc. v. Barber, 143 So. 2d 849, 852-53

(Fla. 1962)). Because of their disfavor of default judgments, Florida courts hold that "[all reasonable doubt should be resolved in favor of granting relief from default." Id.; Gibson Trust, Inc. v. Office of the Atty. Gen., 883 So.2d 379, 382 (Fla. 4th DCA 2004).

III.    Analysis

The return of service in this case is defective because it fails to state that Ms. Thornton was served in the absence of any more senior persons listed in the statutory hierarchy for service of process on a corporation, and service was made on MML 5357 which, apparently, does not exist.  The return is also insufficient to prove service of process because the process server did not swear that the contents of the return are true.  Consequently, Plaintiff does not enjoy the presumption of valid service and the burden remains on her to prove valid service of process.  George Fischer, 379 So.2d at 699; Robles-Martinez, LLP, 88 So.3d at 181.  She has not presented any evidence to satisfy her burden of proof and therefore, the Clerk of Court should not have entered the default.  Tetley v. Lett, 462 So.2d 1126 (Fla. 4th DCA 1984).

The default should also be vacated because Plaintiff failed to notify Mr. Elkins before filing her motion.  While he may have misunderstood what Ms. Nunez had agreed to during their first telephone conversation, she knew Mr. Elkins had called on behalf of Green Tree and Quicken Loans as confirmed in Mr. Elkins first email to Ms. Nunez.  She also knew Green Tree intended to file a motion to intervene on behalf of MML 5357.  In U.S. Bank Nat. Ass'n. v. Lloyd, 981 So.2d

633, 640 (Fla. 2d DCA 2008), the court said: "A trial court should vacate an ex parte default when 'the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default.'" (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. McWilliams, 799 So.2d 378, 380 (Fla. 4th DCA 2001) (citing Ole, Inc. v. Yariv ex rel. Yariv, 566 So.2d 812, 814 (Fla. 3d DCA 1990)). Although Mr. Elkins filed his notice of appearance on behalf of Green Tree, the notice, his conversation with Ms. Nunez, and his email, taken together, were sufficient to put Plaintiff on notice that Green Tree intended to file a motion to intervene on behalf of Quicken Loans and that it intended to defend the lawsuit. Therefore, it was incumbent upon Plaintiff to give Mr. Elkins notice before filing the motion for default.

Finally, Plaintiff has not filed a response to the motion and the time within to do so has expired.  Plaintiff's failure to file a paper in opposition to the motion raises an inference that she does not object to the sought relief.  Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1372 (M.D. Fla. 2007) (citing Freshwater v. Shiver, 6:05-cv-756-Orl-19DAB, 2005 WL 2077306 * 2 (M.D. Fla. Aug. 29, 2005)).

Because the default should be vacated on these grounds, I will not discuss Quicken Loans' remaining arguments.

IV.    Recommendation

In view of the foregoing, I respectfully recommend that Quicken Loans Renewed Motion to Vacate Default (Doc. 13) be granted and that it be allowed 14 days to respond to Plaintiff's complaint.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on September 19, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Presiding United States District Judge
Counsel of Record