UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIKA RODGER,

      Plaintiff,

v.                                           Case No:  6:13-cv-1195-Orl-37TBS

QUICKEN LOANS INC., MML 5357,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Verified Motion to Strike Papers Filed by Non-Party (Doc. 19) and Plaintiff's Motion to Remand (Doc. 20).  Quicken Loans, Inc. ("Quicken Loans") filed responses to both motions.  (Docs. 21, 22).  The Court held an evidentiary hearing on November 22, 2013 and now, based upon the evidence that was presented, the parties' papers, and the argument of counsel, I respectfully recommend the Court **DENY** both motions.

### I.    Background

Plaintiff owns her home located in Enterprise, Florida (the "Property").  (Doc. 2 ¶¶ 1-9, 13).  At the hearing, she testified that prior to March 8, 2013, there was a mortgage on the Property and that she made mortgage payments to Green Tree Servicing, LLC ("Green Tree"), as the servicer for the holder of the mortgage.  Plaintiff testified that she responded to a mail solicitation to take out a consolidation loan, and on March 8, 2013, a woman came to her home with papers for her to sign.  Plaintiff testified that she signed the papers but, because she did not receive copies, she is not sure what she signed. Plaintiff testified that she doesn't know if the mortgage upon which she had been making payments to Green Tree has been satisfied, but she admitted that the only mortgage currently of record which encumbers her Property is dated March 8, 2013 and identifies

"Quicken Loans, Inc., MML 5357" a "Corporation organized and existing under the laws of the State of Michigan," with the address "1050 Woodward Ave. Detroit, MI 48226-1906" ("MML 5357") as the lender.  (Doc. 1-3 p. 20-21).

Plaintiff testified that after she signed the papers on March 8, she changed her mind and decided she did not want the new loan.  On March 13, 2013, she sent a Notice of Right to Cancel which identifies the "Lender" as Quicken Loans.  (Doc. 1-3, p. 13).  The loan was not cancelled and Plaintiff filed her Verified Complaint to Quiet Title in the Circuit Court of the Seven Judicial Circuit in and for Volusia County, Florida.  (Doc. 2). The Complaint prays for rescission of the mortgage loan transaction on the grounds that it violates the Truth-in-Lending Act, 15 U.S.C. § 1635(a) ("TILA") and the regulation implementing TILA, 12 C.F.R. § 226.  (Doc. 2).  The only Defendant named in Plaintiff's Complaint is MML 5357.  (Id.).

Plaintiff attempted to serve MML 5357 at 1050 Woodward Ave, Detroit, Michigan 48226.  (Doc. 1-3 p. 7).  The process server's unsworn Affidavit of Personal Service states that service was accomplished on "Amika Thornton o/b/o Quicken Loans, Inc." on July 8, 2013.  (Doc. 4-2).  Quicken Loans employs Ms. Thornton as a paralegal.  (Doc. 4-3 p. 1).  She has never been a corporate officer of Quicken Loans, she has no recollection of receiving Plaintiff's process, and if she did receive the process, then she has no recollection of informing anyone about this lawsuit.  (Id. p. 2).  The record includes a copy of the summons stamped "DATE RECEIVED JUL 15, 2013 CORPORATE LEGAL."  (Doc. 1-3 p. 2).  The Court does not know who affixed this stamp or who it refers to.  On July 29, 2013, Plaintiff filed her Motion for Default against MML 5357 which the Circuit Court Clerk entered later that day.  (Doc. 4-6).

On August 7, 2013, Quicken Loans removed the case to this Court.  (Doc. 1-1 p. 2).  The Notice of Removal identifies the Defendant as "Quicken Loans Inc. . . .,

- 2 -

incorrectly referred to in the Complaint as 'Quicken Loans Inc., MML 5357'." (Id.).

Quicken Loans asserts that this Court has both federal question and diversity jurisdiction

because the Complaint alleges violations of TILA, the parties are citizens of different

states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

(Doc. 1-2 p. 2).

A week after removal, Quicken Loans filed its answer and affirmative defenses

(Doc. 5); a motion to vacate the default (Doc.4); and a motion for judgment on the

pleadings (Doc. 6).  The Court denied without prejudice Quicken Loans' motion to vacate

default because it did not comply with M.D. Fla. Local Rule 3.01(g). (Doc. 7).  Quicken

Loans renewed the motion on August 26, 2013.  (Doc. 13).  Plaintiff failed to respond to

the motions, both of which are still pending.  The Court referred the motion to vacate

default to me for a report and recommendations, which I filed on September 19, 2013.[1]

(Doc. 17).  To date, no party has filed an objection and the Court has not issued an Order

adopting or rejecting my report.

On September 19, 2013 Plaintiff filed her motion for remand and motion to strike

pleadings by a non-party.  (Docs. 19, 20).[2]  In these motions, Plaintiff states that she

---

[1] I originally filed a report and recommendation on September 18, 2013 (Doc. 16), but after discovering a scrivener's error, withdrew my original report from consideration (Doc. 18) and filed my amended report (Doc. 17).

[2] Neither motion complies with M.D. Fla. Local Rule 3.01(g).  Plaintiff's counsel states that she did not speak with Quicken Loans' counsel because she had "personal doctor issues on the several times the phone conferences [were] scheduled and due to federal deadlines is filing this without personal communication in the hopes this court will recognize that any attempt to amicably resolve this motion would be met with an objection from the opposing party."

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter.  Counsel who merely "attempt" to confer have not "conferred."  A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel.  Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).  A party who due to time constraints must file a motion before complying with Rule

intentionally and properly named MML 5357 as the defendant because the mortgage lists MML 5357, and not Quicken Loans, as the lender.  Plaintiff argues that Quicken Loans failed to comply with the Federal Rules of Civil Procedure by attempting to remove the action to this Court without first filing a motion to intervene, and that Florida law bars Quicken Loans from intervening more than 30 days after she recorded her notice of lis pendens in the public records.  For these reasons, Plaintiff argues the Court should strike Quicken Loans' pleadings and remand this case back to state court.  She also states that the amount in controversy does not exceed $75,000, and she suggests that because it was defaulted, MML 5357 could not have consented to removal.

Because there was a fundamental dispute between Plaintiff and Quicken Loans about who should be the named defendant, I held an evidentiary hearing on November 22, 2013.  At the hearing, Plaintiff was unwilling to admit, but did not deny, her signature on the following documents all of which are dated March 8, 2013: (1) a copy of a promissory note naming Quicken Loans as the lender (QL. Ex. 1); (2) a copy of the HUD-1 settlement statement listing Quicken Loans as the lender (QL. Ex. 2); (3) a copy of a Truth-in-Lending Disclosure Statement identifying Quicken Loans as the lender (QL. Ex. 3); and (4) a copy of a loan disbursement acknowledgment naming Quicken Loans as the lender (QL. Ex. 5).

Quicken Loans also introduced into evidence: (1) a Quicken Loans billing statement addressed to Plaintiff (QL. Ex. 6); (2) a letter dated May 13, 2013 from Green Tree stating that the right to service Plaintiff's loan was transferred from Quicken Loans to Green Tree (QL. Ex. 7); (3) a disbursement check to Green Tree in the amount of

---

3.01(g) is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.
　　　Plaintiff has not supplemented her motions with completed Rule 3.01(g) certificates.  Despite this deficiency, I recommend the Court suspend enforcement of the local rules in the interests of justice and consider Plaintiff's papers on the merits.  Should this action continue in this Court, Counsel is reminded to comply with the local rules.

$231,479.11, issued on March 13, 2013 (QL. Ex. 8); (4) a printout from the Michigan Department of Licensing and Regulatory Affairs for the assumed names of Quicken Loans, which does not include MML 5357 (QL. Ex. 11); and (5) a printout from the Michigan Department of Licensing and Regulatory Affairs of the corporation division business entity search results for Quicken Loans (QL Ex. 12).

Quicken Loans presented the testimony of its corporate representative Shawn Salon, who testified that MML 5357 does not exist. He testified that MML 5357 is Quicken Loans' Maryland Mortgage licensing number, which it is required to place on all loan documents when a transaction involves property in Maryland. Mr. Salon said the appearance of "MML 5357" on Plaintiff's mortgage was a scrivener's error. He also testified that MERS holds the mortgage for the benefit of the owner and holder of the note, but that he does not know at this time who owns the note, as Quicken Loans regularly assigns its loans, and as it appears that Quicken Loans sold its servicing rights to Green Tree. (See QL. Ex. 7).

After the close of the evidence, Plaintiff conceded that MML 5357 does not exist and asked the Court for leave to amend her Complaint. She also agreed that her concession likely mooted her motion to remand and her motion to strike. When questioned about her failure to respond to Quicken Loans' motion for judgment on the pleadings, Plaintiff expressed a desire to strike all pending motions and start over. Quicken Loans objected to striking its motions to vacate default and for judgment on the pleadings. While Quicken Loans said it does not oppose Plaintiff amending her Complaint to list it as the proper defendant, it does object if Plaintiff intends to amend to add some other defendant.

II.     Timeliness

Although Plaintiff has conceded her motion to strike and motion to remand, I will discuss the untimeliness of both motions.  Plaintiff brings her motion to strike under Fed. R. Civ. P. 12(f).  Rule 12(f) states that a court may strike from a pleading an insufficient defense or any redundant immaterial, impertinent, or scandalous matter on motion made by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading.  Here, Plaintiff does not wish to strike an insufficient defense or particular material from Quicken Loans' Answer, but rather seeks to strike the entire paper because Quicken Loans is not the named defendant in the action.  Regardless of whether Plaintiff's motion complies with the spirit of Rule 12(f), it does not comply with Rule 12(f)'s time mandates.  Quicken Loans filed its Answer on August 14, 2013, and Plaintiff filed her motion to strike 36 days later.  Because Plaintiff seeks to strike all of Quicken Loans' papers, I note that Plaintiff filed her motion 24 days after Quicken Loans' renewed motion for default; 36 days after Quicken Loans' motion for judgment on the pleadings; and 43 days after Quicken Loans' removal of this action.

Plaintiff's motion for remand is similarly untimely.  Title 28 U.S.C. § 1447(c) provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  Plaintiff only facially contends that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.  She does not address Quicken Loans' removal on the basis of federal question jurisdiction.  It appears that Plaintiff's main argument for remand is that Quicken Loans improperly intervened in the action by removing it to this Court, which is a procedural issue.  Thus, Plaintiff's motion, filed 43 days after Quicken Loans' filed its notice of removal, is untimely.

### III.    Identity of the Lender

Plaintiff has conceded that MML 5357 does not exist.  I find on this record that Plaintiff obtained the March 8, 2013 loan from Quicken Loans and the reference in the mortgage to MML 5357 is a scrivener's error.  The evidence shows that the mortgage is held by MERS for the benefit of the owner and holder of the note, but at this time we don't know who that is.  Because MML 5357 does not exist, both Plaintiff and Quicken Loans agree that she should amend her complaint.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court:

(1) **DENY** Plaintiff's Verified Motion to Strike Papers Filed by Non-Party (Doc. 19);

(2) **DENY** Plaintiff's Motion to Remand (Doc. 20); and

(3) **GRANT** Plaintiff 14 days leave to amend her Complaint.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on November 27, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record