UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIKA RODGER,

    Plaintiff,

v.     Case No. 6:13-cv-1195-Orl-37TBS

QUICKEN LOANS INC., MML 5357,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. Dispositive Motion for Judgment on the Pleadings (Doc. 6), filed August 14, 2013;

2. Renewed Motion to Vacate Default (Doc. 13), filed August 26, 2013;

3. Amended Report and Recommendation (Doc. 17), filed September 19, 2013;

4. Plaintiff's Verified Motion to Strike Papers Filed by Non-Party and Memorandum in Support of Motion (Doc. 19), filed September 19, 2013;

5. Plaintiff's Motion to Remand and Memorandum in Support of Motion (Doc. 20), filed September 19, 2013;

6. Quicken Loans Inc.'s Opposition to Motion to Strike (Doc. 21), filed October 1, 2013;

7. Quicken Loans Inc.'s Opposition to Motion to Remand (Doc. 22), filed October 1, 2013;

8. Report and Recommendation (Doc. 37), filed November 27, 2013; and

9. Plaintiff's Objection to Magistrate Judge's Report and Recommendation (Doc. 38), filed December 10, 2013.

This case is a simple quiet title action that has become unnecessarily complicated due to Plaintiff's counsel's repeated failures to comply with the Court's orders and the Local Rules.

The instant dilemma arose because "Quicken Loans Inc., MML 5357" is named as the lender on Plaintiff's mortgage (Doc. 2-3, p. 1), despite the fact that, by all accounts, such an entity does not exist. Rather, MML 5357 is Quicken Loans' mortgage licensing number, which was inadvertently written on the mortgage. (Doc. 37, p. 5.) Plaintiff therefore mistakenly sued MML 5357 instead of the actual entity, Quicken Loans. (Doc. 2.)

Because MML 5357 does not exist, it was not served. (Doc. 17, p. 8.) Though Plaintiff attempted to serve Quicken Loans, it was not properly served, either. (*Id.*) Accordingly, no one appeared to defend, and Plaintiff sought and received a clerk's entry of default. (*Id.* at 3.)

Quicken Loans subsequently removed the case to this Court. (Doc. 1.) It then moved to vacate the default.[1] (Doc. 13.) Magistrate Judge Smith entered a Report and Recommendation ("R&R") submitting that the motion should be granted.[2] (Doc. 17.) Plaintiff did not object. The Court agrees with Magistrate Judge Smith. That R&R is therefore due to be adopted, and the motion is due to be granted. Quicken Loans will be

---

[1] Quicken Loans also moved for judgment on the pleadings (Doc. 6), to which Plaintiff did not respond. That motion is due to be denied as moot, as the Court is granting Plaintiff leave to amend her complaint.

[2] In addition to the fact that service was not properly made, Plaintiff's counsel was aware that opposing counsel intended to defend and agreed not to file for default, but then went ahead and did so anyway. (Doc. 17, pp. 2–3.) Magistrate Judge Smith rightly noted that this was an additional ground for vacating the default. (*Id.* at 8–9.)

2

allowed to defend itself.

Rather than responding to the motion or the R&R, Plaintiff chose to move the Court to strike all of Quicken Loans' filings, arguing that Quicken Loans was not a party.[3] (Doc. 19.) After an evidentiary hearing on the matter, Magistrate Judge Smith entered a thorough, well-reasoned R&R finding that MML 5357 does not exist, that the reference to it in the mortgage was a scrivener's error, and that Plaintiff actually obtained her loan from Quicken Loans. (Doc. 37, p. 7.) The Court agrees entirely with Magistrate Judge Smith, specifically adopts those particular factual findings, and adopts the R&R as a whole.

Although Plaintiff's counsel conceded at the hearing that MML 5357 does not exist (*id.* at 5), she then, inexplicably, filed objections to the R&R, arguing that she did made no such concession and that her statements were inadmissible hearsay. (Doc. 38, pp. 7–9.) These objections are baseless and are all due to be overruled. Furthermore, they are simply wasting the Court's time: Quicken Loans does not object to an amended complaint being filed against it (Doc. 37, p. 5), and it is quite clear to this Court that Quicken Loans is the lender on Plaintiff's mortgage. To continue to insist that MML 5357 exists in the face of all record evidence to the contrary is simply intractable. All of this unnecessary procedural commotion is preventing the Court from reaching the merits of this action. The Court, of course, cannot tell Plaintiff whom to sue, but it can direct Plaintiff not to sue an entity that it has found does not exist.

Therefore, Plaintiff will be given leave to file an amended complaint consistent with this Order and with Magistrate Judge Smith's R&Rs. Plaintiff may name whomever she chooses as a defendant, *except* Quicken Loans Inc., MML 5357. Plaintiff's counsel

---

[3] Plaintiff also moved to remand on virtually identical grounds. (Doc. 20.)

is cautioned that she must comply with the Court's orders and with the Local Rules. Any motion that does not fully comply with Local Rule 3.01(g) will be summarily denied. The 3.01(g) certificates must be bona fide; a certificate that Plaintiff's counsel tried to contact Defendant's counsel and was unsuccessful due to personal issues (*see, e.g.*, Doc. 20, p. 6) is insufficient. Further, the Court will not tolerate any party ignoring the Court's orders. (*See* Docs. 24, 30.) Failure to comply may result in sanctions.

The Court expects this case to move smoothly from here on out.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Amended Report and Recommendation (Doc. 17) is **ADOPTED AND CONFIRMED** and made a part of this Order.

    a. Renewed Motion to Vacate Default (Doc. 13) is **GRANTED**.

2. Report and Recommendation (Doc. 37) is **ADOPTED AND CONFIRMED** and made a part of this Order.

    a. Plaintiff's Objection to Magistrate Judge's Report and Recommendation (Doc. 38) is **OVERRULED**.

    b. Plaintiff's Verified Motion to Strike Papers Filed by Non-Party and Memorandum in Support of Motion (Doc. 19) is **DENIED**.

    c. Plaintiff's Motion to Remand and Memorandum in Support of Motion (Doc. 20) is **DENIED**.

3. On or before Thursday, **December 26, 2013**, Plaintiff is **DIRECTED** to file an amended complaint consistent with the directives in this Order and in the R&Rs.

    a. Plaintiff is **DIRECTED** not to name Quicken Loans Inc., MML 5357 as a party.

    4.    Dispositive Motion for Judgment on the Pleadings (Doc. 6) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 12, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Honorable Thomas B. Smith